## Case No. 6,481.

### In re HILL.

[1 Ben. 321;[1] Bankr. Reg. Supp. 4; 1 N. B. R. 16; 6 Int. Rev. Rec. 51.]

District Court, S. D. New York. Aug., 1867.

PRACTICE IN BANKRUPTCY—APPEARANCE OF CREDITORS — VARIANCE IN NOTICE TO CREDITORS — MARSHAL'S RETURN—STATEMENT OF DEBTS AND OF PERSONAL PROPERTY—PROOF OF DEBT.

1. At the first meeting of a bankrupt's creditors, an attorney appeared for two creditors who had not proved their claims, and filed four objections to the proceedings, viz.: (1) That the name of the bankrupt, as stated in the notice served on them, was William B. Hill; (2) that the petition did not comply, as to the details required to be stated in it, with the eleventh section of the bankruptcy act [of 1867 (14 Stat. 521)]; (3) that the inventory did not state the items of the bankrupt's personal estate; and (4) that the bankrupt had omitted from his schedule property held by him, or others for his use. The bankrupt moved to strike out these objections, among other reasons, because (1) the creditors had not appeared in person, or by an attorney authorized to practice in the United States district or circuit courts; (2) the creditors had not proved their claims; (3) the proof of service of notice by the marshal was regular and conclusive; (4) the inventory of debts, and of personal property was sufficient, and the register's certificate that it was so was conclusive. The register did not pass on the questions, because he held that the fourth objection was an "opposition to the bankrupt's discharge," which necessitated a reference to the court. He certified them to the court, and adjourned the proceedings. *Held*, that the adjournment was regular.

2. The fourth objection was not an "opposition to the discharge." Until the bankrupt applies for his discharge, under section 29, no objection to any proceeding can be considered to be such an opposition.

3. The variance in the bankrupt's name in the notice served was not material.

4. The marshal's return as to such service is not conclusive.

[Cited in Re Pulver, Case No. 11,466.]

5. The statement, in the schedule, of the sum due any creditor, and of the date of the debt or judgment, was sufficient, and any insufficient statement might be made sufficient by amendment.

[Cited in Re Heller, Case No. 6,339; Re Blaisdell, Id. 1,488.]

6. Schedules giving an inventory of the bankrupt's personal estate, but failing to set forth the separate items, were defective, but might be amended.

7. The objection to the appearance of the creditors by attorney was not tenable.

8. No creditor has any right to be heard at the first meeting, either in person or by attorney, in opposition to any of the proceedings, till he has proved his debt.

9. The register's certificate, as to the correctness of the inventory of debts, is not conclusive.

10. A creditor who opposes a bankrupt's discharge on the ground of fraud or concealment, must be required to specify the particular matter of which he complains.

In this case, on the day appointed for the first meeting of creditors, two of the creditors of the bankrupt appeared, by Theodoric R.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

Westbrook, Esquire, as their attorney. They did not appear in person, nor were their debts proved, but Mr. Westbrook filed with the register preliminary objections to the proceedings on behalf of each of the two creditors for whom he appeared. The objections were: (1) That the notices to the creditors gave the name of the debtor as William B. Hill, instead of William D. Hill; (2) that the petition did not state the sum due to each creditor, nor the nature of each debt or demand, nor the true cause and consideration of the indebtedness in each case, and where the same arose, and did not comply, as to the details required to be stated in it, with the eleventh section of the bankruptcy act; (3) that the inventory of the estate did not show the items of the debtor's alleged personal estate, and the value at which it was estimated, so that it could be determined whether the property was or was not exempt by law, and that the inventory was insufficient and defective under the requirements of said eleventh section; (4) that the debtor had omitted from his schedule property, claims, demands, and rights of action, owned by him, or held by others for his use and benefit. The bankrupt, by a written paper filed with the register, moved to strike out such preliminary objections of the creditors, on the following grounds: (1) That the creditors had not appeared in person, nor by an attorney authorized to practice in the district or circuit courts of the United States, who was authorized to appear for them in this matter; that Mr. Westbrook's name, endorsed on the objections, was not written by him, nor had he appeared in court to sanction its use; and that he could not delegate to other counsel or attorneys the use of his name, unless he in fact acted as attorney in the case; (2) that the creditors had not proved their claims, and could raise no objections until they established the fact on their part that they had claims against the bankrupt's estate; (3) that the first objection on the part of the creditors was frivolous, because the proof of service of notice by the marshal appeared to be regular, and was conclusive, and was, in fact, uncontradicted; (4) that the second objection on the part of the creditors was frivolous, because the inventory was made for the information of the court and not of the creditors as to the amount and nature of each claim, and the certificate of the register as to its sufficiency was conclusive, and because the inventory was sufficient; (5) that the third objection on the part of the creditors was frivolous, because value is never certain, and can only be estimated, and the value of the debtor's personal estate was so stated; that a full schedule of household furniture was not required by the act; and that the examination of the bankrupt was not intended to be superseded by the inventory; (6) that the fourth objection on the part of the creditors was frivolous, because it was too indefinite, and that it ought to specify what par-

ticular omissions had been made from the schedule. The debtor also asked that the creditors be charged with the costs and expenses of the decision of the objections made by them. It was agreed that the questions thus raised should be submitted to the court, and the case was adjourned.

BLATCHFORD, District Judge. The register states, in his certificate, that he would have assumed to decide the several questions raised, except for the fourth objection raised by the creditors, which seemed to him to go to the merits of the whole proceeding, and to constitute such an "opposition to the discharge" of the bankrupt as necessitated a reference to the court, under the act and the general orders.

The fourth objection was, that the debtor had omitted from his schedule property, claims, demands and rights of action, owned by him, or held by others for his use and benefit. This objection can not be regarded as an opposition to the discharge of the bankrupt. Until the bankrupt applies, under section 29, for his discharge, no objection filed or raised to any proceeding can be considered as an "opposition to the discharge." Besides, under sections thirty and thirty-one, no creditor who has not proved his debt can oppose a discharge. In this case, the creditors have not proved their debts.

The register also states, in his certificate, that if the adjournment of the case by the register was irregular, he assumes that the court may vacate such adjournment under its general powers over the bankrupt, and require an appearance in court. The adjournment was regular.

The register also states in his certificate that if he had assumed to decide the first preliminary objection raised by the creditors, he would have held that the variance by the use of the name William B. Hill, instead of that of William D. Hill, in the notices, was not material, and would not be regarded in law or equity, unless the party had been misled; that it is evident that the creditors who appear and raise the objection were not misled; that all the papers in the case, and the notices published in the newspapers, gave the bankrupt's name correctly; and that only the notices served on the creditors who appeared gave the middle letter of the bankrupt's name as B., instead of D. The variance in this case was not material, and the first objection taken by the creditors was untenable.

The register states that he does not regard the return by the marshal, as to the service of notice on the creditors, as conclusive. Under sections 12 and 13 of the act, such return is not conclusive.

The register states, as to the second objection taken by the creditors, that he should have regarded the statement, in the schedule, of the amount due to each creditor, as sufficient, wherever the sum and the date of the debt or judgment was given; that, to ascer-

12FED.CAS.— 10

tain the exact amount, at any stage of the proceedings, only required a computation of interest; that any other mode is impracticable, with the form of schedules adopted by the court; that the details of place and consideration seem to be sufficient; and that, if they are not, they may be made so by amendment. The views of the register, as to the second objection, are correct.

The register states, as to the third objection, that he is of opinion that the schedules are defective in giving an inventory of the bankrupt's alleged personal estate, because they do not set forth the separate items of household furniture and wearing apparel, but that the omission may be remedied by amendment, if necessary. The schedules are defective, if they do not set forth such separate items; but the omission may be remedied by amendment, under section 26 of the act, and rules 7, 14 and 33 of the general orders in bankruptcy.

The register states that the point made by the bankrupt against the appearance of the creditors named, did not seem tenable; that William Lawton, Esquire, first appeared for the creditors named, and that, the objection being taken that he was not admitted to practice in this court, he called in Mr. Westbrook, who represented the creditors named, for Mr. Lawton.

The register is correct in his view that this point is not tenable. Mr. Westbrook being an attorney or counsellor of the circuit or district court, has a right, under rule three of the general orders in bankruptcy, to appear for the creditors, and conduct the proceedings for them, and, if he so appears to conduct the proceedings, the register cannot, at the instance of the bankrupt, inquire into the authority given to him by the creditors. The certificate of the register that Mr. Westbrook was called in and represented the creditors, is understood to mean that he appeared and conducted the proceedings for the creditors.

As to the second point made by the bankrupt, namely, that the creditors had not proved their claims, and could raise no objections until they established the fact, on their part, that they had claims against the bankrupt's estate, the register states it to be his opinion, that persons named as creditors in the debtor's schedule, may appear and make any motion, and take any exception, without other proof of their debts than that contained in the bankrupt's papers.

In this the register is mistaken. Under section thirteen of the act, the two creditors in this case, not having proved their debts, would not, at the meeting at which the proceedings now certified took place, have been entitled to any voice or vote in the choice of an assignee. The meeting was, under section eleven of the act and the warrant, form number six, a meeting of the creditors "to prove their debts, and choose one or more assignees." No creditor has, at such meeting, any right to be heard, either in person or by

attorney, in opposition to any of the proceedings, until he has proved his debt. The fact that his debt is set forth in the schedules to the bankrupt's petition, gives him no such right to be heard.

As to the fourth point taken by the bankrupt, the register states that he does not regard his certificate as to the sufficiency of the inventory of the debtor's debts as conclusive. Such certificate is not so conclusive as to prevent an inquiry into the sufficiency of such inventory, when the question is raised at the proper time and in the proper manner, and on the suggestion of a proper party.

The register states that the fifth point taken by the bankrupt is argumentative. It is untenable, except in so far as it claims that a full schedule of household furniture is not required by the act, and in that respect the views of the court have been herein before stated.

As to the sixth point taken by the bankrupt, the register states that he thinks it well taken, and that the creditor who opposes a bankrupt's discharge on the ground of fraud or concealment, should be required to specify the particular matter of which he complains.

The objection made to the fourth objection taken by the creditors would, in any event, be of no avail, unless made definite by specifying the particular omissions relied on. The clerk will certify this decision to Register Gates.

[NOTE. A creditor subsequently filed specifications of his objections to the bankrupt's discharge, which, having been amended (Case No. 6,482), the court, upon the proofs, refused said discharge. Id. 6,483.]